IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:_____-CIV-_____

**AISHIA PETERSEN,**

    **Plaintiff,**

v.

**UNITED STATES OF ARITZIA INC.,**

    **Defendant.**

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

**COMES NOW**, Plaintiff Aishia Petersen ("Plaintiff "or "Petersen"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using her computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. In the statutory text, Congress determined that "individuals with disabilities continually encounter various forms of discrimination," including "communication barriers". 42 U.S.C. § 12182(a).

4. Defendant's website https://www.aritzia.com/us/en/ (the "Website" or "Defendant's website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in UNITED STATES OF ARITZIA INC ("Defendant" or "Aritzia") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained.

6. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

7. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

8. Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, construct, maintain,

and operate its website https://www.aritzia.com/us/en/ to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

9. Defendant's Website is https://www.aritzia.com/us/en/ . Defendant owns and operates the Website and several Aritzia's stores that are located in Florida.

10. Plaintiff Aishia Petersen, a blind woman, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

11. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

12. Plaintiff cannot use her computer and mobile device browser without the assistance of appropriate and available screen reader software to understand website.

13. Defendant's website contains digital source code barriers where screen-readers for the blind do not work.

14. This case arises out of the fact that Defendant Unites States of Aritzia Inc has operated its business in a manner and way that effectively excludes individuals who are visually impaired from access to Defendant's Website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

15. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

16. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

17. Plaintiff has attempted to access Defendant's Website in the past and intends to continue to attempt to access Defendant's Website.

18. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website. Plaintiff will continue to be denied full access to Aritzia's website.

## JURISDICTION AND VENUE

19. Plaintiff resides in Orlando, Florida and regularly travels to Miami to visit her friends and family where they go shopping. Defendant has stores in the State of Florida, including stores in Miami-Dade County. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

20. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida where defendant resides and a substantial part of the events giving rise to the claims occurred. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

21. Plaintiff's claims asserted herein arose in this judicial district.

22. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there is a Aritzia's store in her area.

23. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which

includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

24. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Plaintiff would like to become Defendant's patron and access the Defendant's Website in the near future but the barriers Plaintiff encountered on Defendant's Website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores. Defendant Unites States of Aritzia Inc is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## THE PARTIES

25. Plaintiff Petersen, is a resident of the State of Florida. is a resident of the State of Florida. Plaintiff resides in Orlando. Aishia Petersen is legally blind, and a member of a protected class under the ADA. Whereby, Plaintiff has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed with congenital glaucoma in both eyes by UM Health- Bascom Palmer Eye Institute, and consequently, is legally blind and the visual disability is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially

limits the major life activity of seeing. Accordingly, Plaintiff has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104. Plaintiff cannot use the computer without the assistance of a screen reader software. Petersen is a proficient user of the NVDA and JAWS screen-reader to access the internet, which are the most popular screen reading software for Windows-based computers. For screen-reading software to work, the information on a website must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects the text.

26. United States of Aritzia Inc is a foreign for Profit Corporation. Defendant is the owner and operator of a chain of several stores under the brand name ARITZIA and its products are distributed to affiliated and authorized retailers. Defendant has a store at the Aventura Mall in Miami, Florida.

27. Upon information and belief, at all times material hereto, Defendant United States of Aritzia Inc owns, operates, and/or manages the day-to-day affairs and stores of Aritzia's stores which are operating within the State of Florida.

28. Plaintiff believes, and thereon alleges, that defendant Radley's corporate affiliates and/or related entities, actively engaged in the sale of clothing and handbags in various states throughout the country, including Florida.

29. Plaintiff is further informed that said company is organized and existing under, and by virtue of, the laws of the state of New York. Said Defendant entities will hereinafter collectively be referred to as "Aritzia" "United Staes of Aritzia Inc" or, where appropriate, "Defendant."

**FACTS**

30. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

31. Each of Defendant Aritzia's stores are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] … other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

32. Aritzia's stores offer for sale to the general public fashion clothing, handbags, and accessories.

33. Defendant has control over its Website content, design and source-code, and/or operates his web pages, including image and data content. Defendant owns and operates the domain name https://www.aritzia.com/us/en/ that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's Website.

34. One of the functions of Defendant's Website (available to browse in mobile or computer version) is to provide an online point-of-sale and public information on the various locations of Defendant's stores that sell merchandise. Most important and critical function of the Website is to sell Defendant's merchandise.

35. Defendant's Website is offered by Defendant as a way for the public to communicate with ARITZIA's merchandise. Defendant's Website also permits the public to register and create an account allows the general public to order and purchase clothing and bags and

accessories, provides information about its products, and (among other things) provides customer service, locate stores, and gifts for sale. The physical stores are the tangible part of the Defendant's business, and the Website is the intangible part of the Defendant's physical stores which generates millions of dollars in sales.

36. The Website is an integral part of the goods and services offered by Defendant's store, because Website and physical stores are heavily integrated, since the Website allows the public the ability to locate Defendant's stores, retail locations and sells Defendant's merchandise.

37. The Website is an extension of defendant's physical stores. The physical stores are characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA. The Website is a service and a benefit of the physical stores.

38. Plaintiff is a customer of Aritzia's brand merchandise since Plaintiff intends to continue buying fashion clothing and handbags. Plaintiff frequently buys fashion clothing, and through her inquiries Plaintiff learned there are some Aritzia's stores in her area.

39. As a result of Plaintiff being legally blind, before Plaintiff embarks on any venture from her home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet. In the case of Plaintiff's investigation of Aritzia's store locations, Plaintiff went to Defendant's Website to learn (1) how to navigate to and from Aritzia's store locations; (2) the cost of Aritzia's clothing and accessories; (3) times and hours of operation Aritzia's stores in her area, so Plaintiff can arrange transportation with the intent of purchasing Aritzia's merchandise; (4) purchase of exclusive online deals; (5) register online (create an account); (6) read the privacy policy; (7) find and read the notice of accessibility. However, the Website is inaccessible, and

Plaintiff was unable to find a near location neither to complete an online purchase for pickup or delivery.

40. Like most consumers, Plaintiff accesses numerous website at a time to compare features, models, quality and prices.

41. During Plaintiff's several visits to the Website using JAWS and NVDA (computer) and Voiceover (cell-phone browsing) occurring in November 3, 2022 and the last in December 31, 2022, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the Website, as well as to the facilities, goods, and services of Defendant's locations in South Florida, specially near her home.

42. Plaintiff was impeded to patronize Aritzia's stores by Plaintiff being unable to learn about Aritzia location addresses, hours, fashion and offers available online for sale, and the ability to create an online account, read the Return and Privacy Policy, among other things readily available to sighted individuals.

43. Plaintiff called Defendant's store to inquire about new arrivals of fashion clothing, as well as to find the location of stores near her home. However, Defendant's representative failed to fully assist Plaintiff and referred her to Defendant's Website.

44. Following communications with Defendant's representative, Plaintiff attempted to utilize Defendant's Website as instructed by Defendant's representative.

45. Plaintiff reports that the Website are inaccessible for her and she was not able to:

    a.    Find out about Aritzia's clothing available online or at the store;

    b.    Locate Aritzia's stores near Plaintiff's home;

  c. Learn about buying Aritzia's clothing, since Plaintiff appreciates fashion and shops on a regular basis;

  d. Not able to understand the Website images;

  e. Not able to complete a purchase on the Website;

## AMERICAN WITH DISABILITIES ACT

46. The failure to access the information needed precluded Plaintiff's ability to patronize Aritzia's stores because, as a blind individual, Plaintiff needs to plan her outings out in detail in order to have the proper financing for a venture, and insure that Plaintiff arrives at a given location.

47. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant United States of Aritzia Inc owns and operates stores, Aritzia.

48. Technology evolves, in these days, consumers are doing most of their shopping online. Defendant's provision of an e-commerce Website is an essential part of the services offered and is no different than the customer service to the public as part of Aritzia's stores services, privileges and benefit to the public.

49. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

50. The Website https://www.aritzia.com/us/en/ is characterized as a critical point of sale and an intangible service, privilege and advantage provided by Aritzia's physical stores are a Place of Public Accommodation as defined under the ADA, and thus its Website are an extension of

Aritzia services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

51. Defendant's Website is not designed with consideration for WCAG, Accessible Rich Internet Applications (*ARIA*) software language and Universal design[2]. This means that images and embedded hyperlinks must include alternative description text (known as "alt-text") a description of the image that appears when a cursor floats over it or screen-reading software detects it. The World Wide Web Consortium (the principal standards-setting body for the web) has issued a set of "Web Content Accessibility Guide-lines" (WCAG) to assist developers in making their website accessible to blind people and other individuals with disabilities.

52. Plaintiff's expectation of participating in Aritzia's Website, services and privileges was eliminated since Plaintiff could not access Defendant's https://www.aritzia.com/us/en/ the Website at all to avail herself of the latest services which Defendant offers to the public.

53. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website https://www.aritzia.com/us/en/.

54. Plaintiff would like to become Defendant's patron and access the Defendant's Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded

---

[2]Following universal design principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

55. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing Aritzia's stores, goods and services available from Defendant and further left her with the feeling of **segregation, rejection, isolation**, and **unable to participate** in her own business affairs (such as in this case purchasing a clothing and bag) in a manner equal to that afforded to others who are not similarly disabled.

56. Plaintiff's inability to fully use Defendant's Website therein has hindered, impeded and inhibited Plaintiff's access to Defendant's physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

57. Plaintiff cannot make proper arrangements for transportation of herself to the Aritzia's store locations without the ability to know in advance the Aritzia's merchandise, goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant Aritzia's store location. Plaintiff is effectively denied the ability to physically travel to Defendant Aritzia's store.

58. Plaintiff has a concrete plan to purchase Aritzia's brand merchandise when Plaintiff is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services, including becoming informed about the Aritzia's brand merchandise available for purchase.

59. By denying Plaintiff the opportunity to comprehend Aritzia's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

60. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

61. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

62. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

63. All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

64. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

65. On March 18, 2022, The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (entities covered by ADA Title III) can make sure their website is accessible to people with disabilities in line with the ADA's requirements. (Exhibit B). The guidance discusses the importance of web Accessibility barriers that inaccessible website create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility. See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published

several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. *Title III ADA 28 C.F.R. § 36.303.*

66. Binding case law increasingly recognize that private entities are providing goods and services to the public through the website that operate as point-of sale for the physical store and the business and covered under Title III.

67. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's Website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

68. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

69. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

70. The physical store is a P*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E). The Website is the physical stores' gateway to sell to the public Aritzia's merchandise.

71. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

72. Types of website source-code programming errors include (but are not limited to) source-code errors which are easily identifiable and are prone to making the website inaccessible,

that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

    73. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contain several types of errors, easily identifiable and correctable, which occur throughout the Website such as:

a. Images are mislabeled. The "alt" description cannot be the product link http. Image elements must have an accessible name. WCAG 2.0 F65.

b. "Please select a size" is not announced when user fails to choose a size. Labels are not provided when content requires user input. WCAG 2.0 A.3.3.2

c. On the product page, for example https://www.aritzia.com/us/en/product/traverse-turtleneck/80076.html?dwvar_80076_color=27357. There is a field "Find a Store" bellow "Add to bag", but it is inaccessible, because there is no Focus, it is skipped and goes from "Add to Bag" to "Details", so Plaintiff does not know that "Find a Store" is there. Focus Order is missing. WCAG 2.0 A 2.4.3.

d. On the product page there are several images of the product and all have the same description. For example: https://www.aritzia.com/us/en/product/cozy-fleece-perfect-hoodie/90864.html?dwvar_90864_color=29472#fs. Duplicate id - the same ID is used on more than one element. WCAG 2.1 A 4.11

e. The price is skipped and not announced before to Add to Bag so products cannot be compared before purchase. WCAG 2.1 A F15.

f. The visual label must appear in the accessible name of links and controls. WCAG 2.0 A F96.

74. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

75. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

76. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Unites States of Aritzia Inc.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

77. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

78. Defendant's Website have not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

79. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the physical stores and the Website which is defined within §12181(7)(E), and is subject to the ADA.

80. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public/visually impaired individuals to its Website for basic information needed to shop at a Aritzia's store, instead of providing such information at the physical store locations, the Website have been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained

therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

81. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

82. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

83. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

84. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access website and electronic documents. These violations are ongoing.

85. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

86. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Petersen injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the Website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible Website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating Aritzia stores and becoming informed of and signing up for Aritzia online merchandise, and of viewing electronic pages provided to the public within Defendant's Website.

c) During the time period prior to the Website being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

87. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff AISHIA PETERSEN hereby demands judgment against Defendant "Unites States of Aritzia Inc" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' Website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendants to continually update and maintain their computer version of the defendant's Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their Website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

e. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 5th day of January 2023.

*s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2023 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.